UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrine N. Chieves, *aka Darrine N Chieves*, Disciplinary Counselor RCDC,<br><br>        Plaintiff,<br><br>vs.<br><br>South Carolina State House;<br>State of South Carolina;<br>Julie Ann Avin, Executive Director;<br>C.P.D. Arresting Badge 22333;<br>Officer Dabrowski;<br>Greg Pearce, Representative Richland County Nov. 2011 Council Adm. Transitions;<br>SCDMH, US District Div 3, Columbia;<br>The Richland County Public Defender, Councilmen,<br><br>        Defendants. | C/A No. 3:12-241-JFA-KFM<br><br>**REPORT AND RECOMMENDATION** |

  This is a civil action filed pro se by Plaintiff. Plaintiff has also filed an Application to Proceed *in forma pauperis*.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened).

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B) (2)(b) and (e) DSC, this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se* and to submit findings and recommendations to the District Court.

## Pro Se and In Forma Pauperis Review

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were

never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

The instant Complaint is incomprehensible. The Court cannot discern any possible allegation against any of the named parties. The Complaint in this case is thus subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. Plaintiff's Complaint fails to provide this Court with sufficient facts to enable the Court to determine the nature of the claims that he attempts to raise. Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Denton*, 504 U.S. at 32-33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants). Accordingly, the Complaint should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim on which relief may be granted by this Court.

Recommendation

It is recommended that the District Court dismiss this action *with prejudice* for failure to state a claim on which relief may be granted and frivolousness.

February 15, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).